IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STEPHANIE WILSON,<br>1534 N. Taylor Street<br>Topeka, KS 66608 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. |
| MERCURY MANAGEMENT, LLC,<br>Serve Registered Agent<br>SPENSERV, INC.<br>6201 College Blvd, Ste 500<br>Overland Park, KS 66211 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Stephanie Wilson, for her Complaint against Defendant Mercury Management, LLC, states as follows:

1. Plaintiff Stephanie Wilson is a female citizen of the State of Kansas, residing in Topeka, Shawnee County, Kansas. She is of Native American race and national origin.

2. Defendant Mercury Management, LLC, is a corporation organized, registered to do business, and operating in good standing in the state of Kansas as Mercury Broadband, who may be served through its registered agent at the above address.

1

3. This case arises under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.*, (Title VII), and 42 U.S.C. §1981, making jurisdiction proper in this court.

4. Venue is proper within this district under 28 U.S.C. § 1391(a) in that the employment practices hereinafter alleged to be unlawful were committed in this judicial district.

5. Plaintiff was subjected to a racially hostile work environment and retaliation by Defendant because of her reports of race discrimination in violation of Title VII, 42 U.S.C. § 2000e-2.

6. At all times relevant to this action, Defendant has employed fifteen or more employees and is therefore an employer as defined in Title VII, 42 U.S.C. § 2000e(b).

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and within 180 days of the unlawful employment practices complained of herein.

8. Plaintiff received a Notice of Right to Sue from the EEOC and this Complaint is filed within 90 days of receipt of that letter.

9. Plaintiff was employed by Defendant from December 2021 to May 2022 as an Administrative Assistant.

10. Plaintiff performed her job to the best of her ability and satisfactorily met the legitimate job expectations of her employer.

# COUNT I – RACIALLY HOSTILE WORK ENVIRONMENT AND RACE DISCRIMINATION

Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

11. During her employment, Plaintiff was subjected to discrimination and harassment based on her race and national origin by supervisory employees of defendant. This harassment also affected her contractual rights of employment because of her race.

12. The retaliatory harassment described in this Complaint was severe, pervasive, unwelcome, and affected the terms, conditions, and privileges of Plaintiff's employment and constituted an unreasonable interference with Plaintiff's work in violation of Title VII.

13. Plaintiff and other non-white employees were subjected to the following conduct:

- Unfair and unequal treatment;
- Unequal job assignments and application of polices and rules;
- Unfair and unequal discipline and criticism;
- Disciriminatory terminations; and
- Failure to address the racially hostile work environment.

14. Plaintiff complained about racial harassment and race discrimination to management beginning in March 2022; thus defendant knew about the harassment.

15. During the same time period, other employees were also subjected to a racially hostile work environment and also reported this to management.

16. Despite the knowledge of the hostile work environment, defendant allowed the harassment to continue and failed to take appropriate remedial action to stop the unlawful conduct.

17. Defendant failed to prevent harassment and retaliation in the workplace.

18. But for Plaintiff's race and national origin, she would not have been subjected to the harassment described herein.

19. White employees were treated more favorably; defendant treated other non-white employees in a discriminatory manner.

20. Plaintiff reported race discrimination again on May 6, 2022

21. Two weeks later, defendant terminated plaintiff's employment because of her race; her race was a determining factor in the termination decision.

22. As a direct and proximate result of the unlawful practices of defendant, Plaintiff has sustained damages in the form of lost salary,

emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

23. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For compensatory damages including backpay and damages for Plaintiff's emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in a reasonable amount to be determined at trial;

b. For an award of punitive damages in a reasonable amount to be determined at trial;

c. For an award of reasonable costs and attorney's fees; and

d. For such equitable and other relief as the Court deems just and necessary.

## COUNT II — RETALIATION

Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

24. As set forth above, during her employment, Plaintiff was subjected to discrimination and harassment based on her race. Plaintiff complained

about racial harassment and race discrimination to her supervisor and to Human Resources in March 2022.

25. Thereafter, plaintiff was subjected to retaliatory acts including unfair criticism and unfair assignments.

26. Defendant failed to prevent harassment and retaliation in the workplace.

27. Plaintiff again complained about race discrimination on May 6, 2022.

28. Less than two weeks later, defendant terminated plaintiff.

29. Plaintiff was terminated because of her complaints of discrimination and harassment; her complaints were a determining factor in the termination.

30. As a direct and proximate result of the unlawful practices of defendant, Plaintiff has sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

31. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For compensatory damages including backpay and damages for Plaintiff's emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in a reasonable amount to be determined at trial;

b. For an award of punitive damages in a reasonable amount to be determined at trial;

c. For an award of reasonable costs and attorney's fees; and

d. For such equitable and other relief as the Court deems just and necessary.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that the trial of this case be held in Kansas Cit, Kansas.

**THORNBERRY BROWN, LLC**

By: /s/ Stephen C. Thornberry
Randall W. Brown    KS# 17905
*randy@ThornberryBrown.com*
Stephen C. Thornberry    KS# 17494
s*teve@ThornberryBrown.com*
4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*
ATTORNEYS FOR PLAINTIFF