IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STEPHANIE WILSON | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 23-2245-KHV |
| | ) | |
| MERCURY MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On May 29, 2023, Stephanie Wilson filed suit against her former employer, Mercury Management, LLC. Plaintiff alleges that in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., defendant subjected her to a racially hostile work environment and discriminated against her based on race and national origin (Count I) and terminated her employment in retaliation for complaints of race discrimination (Count II). See First Amended Complaint (Doc. #9) filed August 10, 2023. This matter comes before the Court on Defendant's Renewed Motion To Dismiss (Doc. #13) filed August 16, 2023. For reasons stated below, the Court sustains in part and overrules in part defendant's motion.

**Legal Standard**

Defendant moves to dismiss plaintiff's first amended complaint under Rule 12(b)(6), Fed. R. Civ. P. In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement for relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; United States v. Herring, 935 F.3d 1102, 1110 (10th Cir. 2019). Plaintiff bears the burden of framing her claims with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent" with defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**Factual Background**

Plaintiff's first amended complaint alleges as follows:

Plaintiff is of Native American race and national origin. From December of 2021 to May of 2022, defendant employed plaintiff as an Administrative Assistant. In March of 2022, plaintiff complained to her supervisor and Human Resources about racial harassment and discrimination

because defendant treated white employees more favorably than non-white employees. Following her report, plaintiff and other non-white employees experienced unfair and unequal treatment, unequal job assignments, unequal application of policies and rules and discriminatory terminations. On May 6, 2022, plaintiff again reported race discrimination.[1] Two weeks later, on May 20, 2022, defendant terminated her employment.

Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 7, 2022.[2] The charge, in part, stated as follows:

> I was subjected to discrimination based on my Native American race and retaliated against because of my complaints of race discrimination in the workplace when my employment was terminated on May 20, 2022. I noticed other African Americans and other people of color were discriminated against – they were subjected to different terms and conditions of employment including unfair and unequal discipline and application of rules and policies. I first complained about the race discrimination in late March 2022. The employer did not take remedial action and the discrimination continued. I complained repeatedly, including again in early May. I was terminated shortly thereafter on May 20, 2022.
>
> I believe I was terminated because of my race and my protected activity complaining about race discrimination in the workplace.

Exhibit A (Doc. #14) filed August 16, 2023 at 18. On March 1, 2023, plaintiff received notice of her right to sue. On May 29, 2023, she filed suit.

Count I of plaintiff's first amended complaint asserts claims for hostile work environment, retaliatory harassment and race and national origin discrimination under Title VII and Section 1981. Count II asserts a retaliation claim under Title VII and Section 1981. In plaintiff's response

---

[1] Plaintiff does not identify the recipient of her May 6, 2022 report.

[2] Plaintiff did not attach to her first amended complaint a copy of the Charge of Discrimination or right-to-sue letter. Nevertheless, because the first amended complaint refers to documents which are central to plaintiff's claim, defendant may submit an indisputably authentic copy for the Court to consider on a motion to dismiss. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). The Court therefore considers these two documents submitted by defendant.

to defendant's motion to dismiss, she states that Count I should be limited only to hostile work environment under Section 1981, retaliatory harassment under Section 1981 and race discrimination under Title VII and Section 1981.[3]  See Plaintiff's Response To Renewed Motion To Dismiss (Doc. #16) filed September 5, 2023 at 2.  For this reason and substantially the reasons stated in Defendant's Renewed Motion To Dismiss (Doc. #13) and Defendant's Reply In Support Of Motion To Dismiss (Doc. #19) filed September 11, 2023, the Court sustains defendant's motion to dismiss plaintiff's Count I claims for hostile work environment under Title VII and retaliatory harassment under Title VII.

## Analysis

Defendant argues that the Court should dismiss plaintiff's first amended complaint for failure to exhaust administrative remedies and failure to state a claim upon which relief may be granted.  The Court considers each argument in turn.

### I.  Failure To Exhaust Administrative Remedies

Defendant argues that plaintiff's Count II claim for retaliatory harassment under Title VII was not included in the EEOC charge and therefore is barred for failure to exhaust.  Even though Count II could be liberally construed to assert a claim for retaliatory harassment under Title VII, plaintiff does not dispute defendant's argument that her EEOC charge was limited to the sole retaliatory act of termination.

The Court therefore sustains defendant's motion to dismiss Count II, plaintiff's claim for retaliatory harassment under Title VII.

---

[3]    Plaintiff's response also clarifies that she does not seek recovery for national origin discrimination in any count under any statute.  See Plaintiff's Response To Renewed Motion To Dismiss (Doc. #16) filed September 5, 2023 at 2. The Court therefore sustains defendant's motion as to plaintiff's Count I claim for national origin discrimination under Title VII and Section 1981.

**II.     Failure To State A Claim Upon Which Relief May Be Granted**

When evaluating plaintiff's first amended complaint, the Court accepts all well-pleaded facts as true.  Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984); see also Iqbal, 556 U.S. at 678.  The same is not true for conclusory allegations.  See Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).  General assertions of discrimination and retaliation, without details of events supporting such claims, are insufficient to survive a motion to dismiss.  Id. at 1193.  On the other hand, the complaint need only provide enough factual allegations to give the defendant fair notice of what the claim is and the grounds upon which it rests.  Robbins, 519 F.3d at 1248.

Plaintiff's remaining claims are (1) race discrimination under Title VII and Section 1981, (2) retaliation under Title VII and Section 1981, (3) retaliatory harassment under Section 1981 and (4) hostile work environment under Section 1981.  Defendant argues that the Court should dismiss all of plaintiff's claims because the complaint consists of only speculative and conclusory assertions devoid of any factual support.

A.     Discrimination Under Title VII And Section 1981

Title VII and Section 1981 prohibit employers from discriminating against an employee on the basis of race.  For discrimination claims based on disparate treatment, plaintiff must establish that she was treated differently because of race and that she suffered adverse employment action.  E.E.O.C. v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007).  In addition, Section 1981 discrimination claims require that plaintiff allege that defendant had the intent to discriminate on the basis of race.  Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1101–02 (10th Cir. 2001).

Assuming as true plaintiff's well-pleaded factual allegations, she has sufficiently alleged that she is of Native American race and that throughout the course of her employment she experienced unfair and unequal treatment, unequal job assignments, unequal application of

policies and rules and a discriminatory termination. Further, as required by Section 1981, plaintiff asserts that defendant intentionally treated white employees more favorably than non-white employees.

Accordingly, the Court overrules defendant's motion to dismiss plaintiff's Count I race discrimination claim under Title VII and Section 1981.

B. Retaliation Under Title VII And Section 1981

Both Title VII and Section 1981 prohibit employers from retaliating—taking materially adverse employment action—against an employee engaged in protected opposition to discrimination. Davis v. Unified Sch. Dist. 500, 750 F.3d 1168, 1170 (10th Cir. 2014). For retaliation claims, plaintiff is not required to set forth a prima facie case but is required to set forth a plausible claim. Khalik, 671 F.3d at 1193. To properly satisfy the plausibility requirement, plaintiff should plead when she complained, who she complained to about the discrimination and what the response was. Johnson v. Hix Corp., No. 15-CV-07843-JAR, 2015 WL 7017374, at *3 (D. Kan. Nov. 10, 2015).

Plaintiff alleges retaliatory termination in violation of Title VII and Section 1981 and retaliatory harassment in violation of Section 1981.

1. Retaliatory Termination

Plaintiff's first amended complaint sets forth sufficient factual allegations of retaliation to survive a motion to dismiss. Plaintiff has alleged that she complained about racial harassment and discrimination in March and May of 2022, and she made at least the initial complaint to her supervisor and to Human Resources. Two weeks after her report on May 6, 2022, defendant terminated plaintiff's employment. Plaintiff has alleged sufficient factual detail to state a viable claim that defendant terminated her in retaliation for her complaints.

2. Retaliatory Harassment

In addition to claiming that defendant terminated her employment in retaliation for complaints of racial harassment and discrimination, plaintiff claims that defendant subjected her to harassment in retaliation for the complaints. Shortly after her report in March of 2022, plaintiff experienced unequal job assignments and unequal application of policies and rules. Plaintiff alleges that she only experienced this treatment following her first report. Again, plaintiff sufficiently alleges that she faced harassment in retaliation for her complaints of racial harassment and discrimination.

The Court therefore overrules defendant's motion to dismiss plaintiff's Count II retaliation claim under Title VII and Section 1981. In addition, the Court overrules defendant's motion to dismiss plaintiff's Count I and Count II retaliatory harassment claim under Section 1981.

C. Hostile Work Environment Under Section 1981

Section 1981 prohibits an employer from creating a work environment in which an employee is subject to unwelcome, severe and pervasive harassment based on the employee's race. Lounds v. Lincare, Inc., 812 F.3d 1208, 1222 (10th Cir. 2015). Courts look to several factors to determine whether a work environment is objectively hostile, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Turnbull v. Topeka State Hosp., 255 F.3d 1238, 1243 (10th Cir. 2001) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 22 (1993)).

Plaintiff has not made sufficient factual allegations to state a plausible claim for hostile work environment. Plaintiff generally alleges that because of race, she experienced severe, pervasive and unwelcome harassment by defendant's supervisory employees. However, plaintiff

fails to provide details as to the frequency of the harassment, the severity, whether it was threatening or humiliating or whether it interfered with her work performance. Without this information, plaintiff's conclusory statement does not state a plausible claim for a hostile work environment under Section 1981.

The Court therefore sustains defendant's motion to dismiss plaintiff's Count I claim for hostile work environment under Section 1981.

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion To Dismiss (Doc. #13) filed August 16, 2023 is **SUSTAINED** in part. The Court dismisses plaintiff's (1) Count I claim for hostile work environment under Title VII and Section 1981, (2) Count I claim for national origin discrimination under Title VII and Section 1981 and (3) Count I and Count II claims for retaliatory harassment under Title VII. Defendant's motion is otherwise **OVERRULED**.

The following claims remain in the case: (1) Count I claim for race discrimination under Title VII and Section 1981, (2) Count I and II claim for retaliatory harassment under Section 1981 and (3) Count II claim for retaliation under Title VII and Section 1981.

Dated this 20th day of October, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge